[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Plaintiffs appealed to the Middletown Zoning Board of Review the building inspector's denial of their request for issuance of certificates of occupancy for eleven apartments in the original part of a building (A) which, built in 1967 as an apartment house, had for many years been used exclusively for offices. Plaintiffs took title in 1976. They built an addition to the building (B) in 1980; it was a commercial building only. The zoning is now Office Business Traffic Sensitive. The board denied plaintiffs' appeal. Plaintiffs' filed here their appeal from that decision under R.I.G.L. 1956 § 45-24-20 as amended.
Before the Court are the certified record, transcripts of hearings held September 19 and December 5, 1989, and February 6th and March 20th, 1990, and memoranda of plaintiffs' counsel and counsel for the defendant-intervenor.
The building inspector's denial of the request for the certificate of occupancy was based on his holding that the use of building A for dwellings had been abandoned. At the hearing of March 20, 1990, after arguments of counsel, the town solicitor went through and explained to the board ordinance changes which took place during the relevant period. Then (tr. beg. p. 57) he focused "on what the standard is that you're to decide the case on — ." He explained the law of abandonment as set forth in several cases,[1] and said "the standards that you would apply in law to establish abandonment, proof of two factors are required. One, intent to abandon; and two, some overt act or failure to act which would lead one to believe that the owner neither claims nor retains any interest in the subject matter of the abandonment." He told the board its duty here was to look at the totality of the evidence before it and to decide whether those factors established abandonment. (Tr. p. 59).
Here, the board didn't fly blind. Although some of their twenty one findings of fact may be surplusage, the record solidly supports their conclusion "The clear preponderance of the evidence establishes that any prior multi-family residential use of the property has been abandoned." The Court discerns no statutory basis upon which to disagree. The decision should be and hereby is affirmed and the clerk will forthwith enter judgment for defendants for costs.
[1] Richards v. Zoning Board of Review of Providence,100 R.I. 212, 213 A.2d 814 (1965); Town of East Greenwich v. Day, 119 R.I., 375 A.2d 953 (1977); Washington Arcade v. Zoning Board ofReview, 528 A.2d 736 (R.I. 1987).